## H. B. GOODSON v. THE STATE.

1—In an indictment for theft of two animals, the singular pronoun *it*, in reference to them, was used in charging the intent. *Held*, that both in grammatical and legal construction the pronoun is to be referred to the *property* in the animals; and, therefore, the use of the singular pronoun was correct.

2—The defendant applied for a continuance for want of certain witnesses who were present when he was arrested by the owner of the stolen horses, and to whom, as he alleged in his affidavit, he had previously stated that the horses were not his, but belonged to the person designated as owner by the indictment. It was not pretended, however, that at the time of his arrest he called on these witnesses, then present, to exculpate him by informing the owner of such statements. *Held*, that there was no error in refusing the continuance.

APPEAL from McLennan.   Tried below before the Hon. A. J. Evans.

The indictment alleged that the appellant, on a certain day of October, 1868, with force, etc., "did then and there unlawfully, fraudulently and feloniously take, steal, and carry away from the possession of Pleasant Nicholls, without his consent, and with intent to deprive the owner, Pleasant Nicholls, of the value of the same, and with intent to appropriate *it* to his own use and benefit, one bay gelding branded W. S., then and there of the value of fifty dollars, and one bay mare branded L., then and there of the value of fifty dollars, contrary," etc.

In his affidavit for a continuance, the defendant stated that by the absent witness he could prove that before the owner, Nicholls, came to the house at which he had the horses, he, defendant, had informed the witnesses that the horses did not belong to him, but belonged to Nicholls, who had requested him to take them up if he found them, etc.

The opinion sufficiently states the other facts.

The defendant was convicted, and his punishment assessed at five years' hard labor in the penitentiary. His motions in arrest and for a new trial being overruled, he appealed.

*Herring & Anderson,* for the appellant.

1. The court erred in overruling appellant's application for continuance, and this may be assigned for error. (Hensley v. Lytle, 5 Tex. R.; 497.)

The materiality of the grounds of the application will appear from its reading.

No possible diligence could have procured the attendance of the witnesses. This is affirmatively shown, and in Payne v. Thomas Cox, 13 Tex. R., 480, it is held that "where no diligence would have been successful, the effect is the same as if due diligence had been used." If, then, the testimony of the absent witnesses was material (and of this there can be no question), the court had no discretionary power, and the application should have been granted, as a matter of right, the same as if (being the first application) due diligence had been shown. (Hipp v. Bissell, 3 Tex. R., 18 ; Prewitt v. Everitt, 10 Tex. R., 283.)

2. The motion for new trial should have been granted upon the first ground, to wit: That "the court erred in overruling defendant's application for continuance." This cause depended wholly upon circumstantial evidence. It is shown by Nicholls that he authorized appellant to look or "notice" for the missing horses. He was afterwards found in possession of them in an adjoining county, eight days after they were missing. He sought, by his application for continuance, to rebut the fraudulent intent ; and if the witnesses had been present, and had sworn substantially the facts alleged in the application, every presumption of guilt, from the mere fact of possession, would have been explained and removed. See case exactly in point, (Cooper v. The State, 19 Tex. R., 449.) .

3. It is respectfully submitted that the court should have sustained the motion in arrest of judgment. There is no charge of intent to appropriate the horses, or of fraudulent intent against appellant, without doing violence to the plain rules of grammatical construction ; and the indictment is, from the

same cause, duplicitous.   The language, " to appropriate *it* to his own use," etc., cannot apply both to the bay gelding and to the bay mare.   Which one of these animals, then, is " it " the antecedent of?   If, as the evidence describes in this case, (and the same not being incorporated in the statement of facts, is mentioned here as a suppositious case, to show the duplicity of the charge,) the bay gelding did not belong to the alleged owner, Pleasant Nicholls, but the bay mare did, then the accused could be convicted of the theft of the mare, and *vice versa*, if it happened to be shown in evidence that the gelding was owned by Nicholls and the mare by somebody else.

No brief for the State.

LINDSAY, J.—The prisoner in this case was charged with the theft of horses.   The proof showed, that after the property was stolen, he was found in possession of the property some sixty-five miles from the place where they were stolen, some five or six days after, and was unable to give any satisfactory account of his possession, nor did he attempt to do so when overtaken by the owner of the property.   On the contrary, when the owner and his party came upon him, he attempted to make his escape, by slipping out of the back door of the house where he had stopped, and near which the stolen property was staked out, and wherein he was arrested.   Then and there, from aught that appears in the evidence, no explanation was vouchsafed or made as to the manner of his acquiring possession ; nor did he call upon the persons at whose house he was to state the facts to the owner of the property, upon which he based his application for a continuance of the case at the calling of it for trial, on account of the absence of those very persons, who were then present, and of his professed inability to procure their attendance.   The grounds for continuance, as set forth in the affidavit, were insufficient, and the court committed no error in overruling the application,

It is insisted, however, that the judgment ought to have been arrested upon the motion for that purpose, because, it is con-

tended, there is no charge of a fradulent intent, or of an intent to appropriate the *property* to the use of the fradulent taker. The court does not so interpret the indictment. It is expressly charged, that the prisoner did "unlawfully, fraudulently and feloniously take, steal and carry away from the possession of Pleasant Nicholls." Here the fraudulent intent is distinctly alleged. It is also positively charged, that this fraudulent taking, without the consent of the owner, was done with intent to appropriate *it*, to-wit: "one bay gelding and one bay mare, to his own use and benefit." It is supposed, that because the singular pronoun *it* is used in reference to the mare and horse, it is such vagueness and uncertainty in statement as vitiates the pleading. The mere flesh of the animals is not the real predicate of the theft. Theft can not be affirmed of animals *feræ naturæ*. It is not, therefore, the naked taking of the animals which constitutes the theft, but it is the fraudulent taking and appropriation of the *property* in the animals claimed and possessed by general or special ownership which is the real *corpus delicti* in this offense. The ownership in these animals was distinctly charged, and the personal pronoun *it*, instead of having the mere flesh of the animals for its antecedent, is necessarily referred, both in grammatical and legal construction, to the *property* in the animals, which is involved in the term ownership.

Wherefore, the judgment of the court is affirmed, and the sentence of the law ordered to be pronounced.

Affirmed.