[No. 2894.

## W. A. THOMPSON *v.* THE STATE.

1. THEFT—INDICTMENT—INTENT.—To constitute theft there must be an intent on the part of the person taking the property, at the time of the taking, to deprive the owner of the property of the value of the same, and to appropriate *it* to the use and benefit of the person taking. The word *"it"* has been properly held to refer to the antecedent word "property." In this case the indictment charges the intent as follows: " With the fraudulent intent to deprive the said Elisha Davis of the value of same, and to appropriate the *value* of the same"—using the word "value" instead of the word "it." *Held*, that the indictment is in substantial compliance with Article 420 of the Code of Criminal Procedure, and is therefore sufficient.
2. SAME—PRACTICE IN THE COURT OF APPEALS—STATEMENT OF FACTS.—In the absence of a proper statement of facts the only duty of this court is to determine whether the indictment is sufficient to sustain the charge of the court and the judgment of conviction; and a statement of facts filed after the adjournment of court, in the absence of an order of court, embodied in the record, showing that such filing was authorized, cannot be considered by this court for any purpose whatever.

APPEAL from the District Court of Lee. Tried below before the Hon. I. B. McFarland.

The indictment charged, and the jury found the appellant guilty of the theft of two head of cattle, the property of Elisha Davis. A term of two years in the penitentiary was the punishment assessed.

*Rector & Harris*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. To constitute theft, there must be an intent on the part of the person taking the property, at the time of the taking, to deprive the owner of the property of the value of the same, and to appropriate *it* to the use or benefit of the person taking. (Penal Code, Art. 724.) It has been held that the word *it*, as used in the foregoing sentence, refers to the antecedent word *property*. (*Goodson* v. *The State*. 32 Texas, 121.) We

think such is the proper grammatical construction of the sentence.

In charging the intent, the indictment before us uses the following language: " With the fraudulent intent to deprive the said Elisha Davis of the value of same, and to appropriate the *value* of same," etc., using the word *value* instead of the word *it*, used in the statute. It is contended that this is a fatal defect in the indictment, and that the defendant's exception to the same because of such defect should have been sustained.

While it is the safer practice to use the precise words of a statute in charging the offense, it is not always essential to do so. If the indictment follows the statute in *substance*, it will suffice. If the offense be set forth in plain and intelligible words, which are of equivalent or more extensive meaning than those used in the statute in defining the offense, the indictment will be good. (Code Crim. Proc., Art. 420; Clark's Crim. Law, p. 420, note.) We think the indictment in this case sufficiently and substantially alleges the intent with which the property was taken. It would be preposterous to say that the defendant could take the property with intent to deprive the owner of the value of it, and to appropriate that *value* to his own use or benefit, without an intent at the same time to appropriate the *property* itself to his own use or benefit. He could not appropriate the *value* of the property without at the same time appropriating the *property*. He might perhaps appropriate the property without appropriating its value, but if his intent was to appropriate its value, this certainly included the intent to appropriate the property. We think the objection made to the indictment does not reach to the substance of it, but is merely a criticism upon its grammatical construction, which, while perhaps well founded, is not sufficient to set it aside.

There is no statement of facts in the case that we can consider. There is in the record what purports to be a statement of facts, but it shows upon its face that it was approved by the trial judge after the adjournment of the term of the court at which the trial was had, and there is no order in the record allowing time after the adjournment of the court within which to prepare and file a statement of facts. This being the state of the record, we cannot determine other questions presented by the assignment of errors and in the brief of counsel for defendant. In the absence of a statement of facts our only duty is to see if the indictment is sufficient to sustain the charge of the

court and the judgment of conviction. (Clark's Crim. Law, p. 577, note; *Gerrold* v. *The State*, 13 Texas Ct. App., 345.) We find no error in the record which would authorize a reversal of the judgment, and it is therefore affirmed. ‾

*Affirmed.*

Opinion delivered April 30, 1884.